IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JAMES SEXTON, | ) |
| Petitioner, | ) |
| vs. | ) CASE NO. 1:16-cv-1798-VEH-TMP |
| FEDERAL BUREAU OF PRISONS, and BECKY CLAY, Warden of FCI-TALLADEGA, | ) |
| Respondents. | ) |

MEMORANDUM OPINION

On November 4, 2016, the petitioner, James Sexton, who is currently incarcerated at the FCI-Talladega, filed his emergency petition for writ of *habeas corpus* alleging that a writ of *habeas corpus ad testificandum* has been issued to require him to appear in the Central District of California to testify against his former superior in a trial scheduled in that district. He alleges that he is a former Los Angeles County sheriff's deputy and that it is his belief that, when transported to California, he will be housed in a jail in the Central District of California where his life and safety will be in danger because, as a former deputy sheriff, he will be threatened by gang members he previously investigated and law enforcement personnel will be hostile to him because of his potential grand jury testimony. Petitioner alleges that he has submitted to the warden, Respondent Clay, a request that he be furloughed and allowed to travel to Los Angeles on his own and then return to FCI-Talladega once his trial testimony is completed, but he has not yet received a decision on his request. Finally, he asks the court to order the warden to furlough

him for this purpose, and he seeks an emergency stay of any effort to transport him to California until this matter is resolved.

Pursuant to the magistrate judge's order to show cause, the respondent, Warden Becky Clay, filed her answer and response to the emergency petition on November 10, 2016. In it, she acknowledges that a writ has been issued for the petitioner to appear and testify in the Central District of California and that various representatives of the government are divided on whether the petitioner should be furloughed to travel to California on his own. The United States Attorney's Office in the Central District have requested that petitioner be given a furlough for that purpose, and it has represented that the petitioner is not a flight risk. Both Warden Clay and the United States Marshals Service, the agency responsible for transporting and securing prisoners, oppose the furlough. Warden Clay responded to the petition, stating:

> I have worked from the BOP for over 20 years. I have seen several former LEO inmates transfer via Federal Writ for court through the United States Marshals Service. However, I have never known for a former LEO inmate to be granted a furlough to appear in criminal court, especially to testify against his co-workers. In my professional opinion, to grant such a furlough is unusual and ill advised. We have been in communication with the USMS, Northern District of California. They advise they are aware of Mr. Sexton's safety concerns and they have the resources to address them.
>
> Based on all of the above, it is the BOP's position that Mr. Sexton's transportation and housing be entrusted to the USMS as they are the experts and they are in the best position to ensure Mr. Sexton's safety while he is on Writ. I respectfully request the Petition for Habeas Corpus be denied.

Additionally, attached as Exhibit B to the response is a memorandum from the United States Marshal in the Central District of California, David M. Singer, in which the Marshal states, "The United States Marshals Service is aware that the inmate is a high-profile ex law enforcement officer and we will ensure his safety and security is adhered to. We will take the necessary

precautions when dealing with this inmate, as we have been made aware that the inmate has reported that he has received death threats."

The petitioner, with the assistance of counsel, filed his traverse and reply to the government's response on November 14, 2016. In it, he points out that not only have the respondent and the Marshal for the Central District of California failed to provide any details about how they plan to safely secure the petitioner, he predicts that he will be housed in a "county facility" where the United States Marshals Service has only limited ability to supervise his security. By contrast, he detailed the various security measures he and his family can provide if he is furloughed while traveling to and remaining in the Central District.

At the outset, it is apparent that the petitioner has not exhausted his administrative remedies as a precondition to § 2241 relief. Because administrative exhaustion is jurisdictional with respect to § 2241 petitions, the court must raise and examine this issue even though not raised by the respondent. Before a petitioner may obtain § 2241 *habeas* relief, he must exhaust all administrative remedies available. As the court of appeals has said:

> [Petitioner] also contends the district court erred by dismissing his § 2241 petition because he failed to exhaust his administrative remedies. Relying on *Winck v. England*, 327 F.3d 1296 (11th Cir. 2003), he argues that he was not required to do so "where it can be demonstrated that it is futile to exhaust administrative remedies before proceeding to Federal court." *Winck* held, however, that the "futility exception" applied to remedies sought under 28 U.S.C. § 2254, not those sought under § 2241 claims as [petitioner's]. *Compare id.* at 1299, 1304 ("We have also expressly concluded that exhaustion is not a jurisdictional bar to habeas relief when seeking release from state custody pursuant to 28 U.S.C. § 2254.... Generally, exhaustion is not required [under § 2254] where ... an administrative appeal would be futile." (quotation marks and emphasis omitted)), with *id.* at 1300 n. 1. ("By contrast, exhaustion of administrative remedies is jurisdictional, when a petition for writ of habeas corpus is brought pursuant to 28 U.S.C. § 2241 for release from a federal prison." (alteration and quotation marks omitted)); *see also Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004) (holding that "prisoners seeking habeas relief, including relief pursuant to § 2241, are subject to administrative exhaustion requirements"); *Cf. Booth v. Churner*, 532 U.S. 731,

>741 n. 6, 121 S. Ct. 1819, 1825 n. 6, 149 L. Ed. 2d 958 (2001) ("That Congress has mandated exhaustion in either case defeats the argument of Booth and supporting amici that this reading of [42 U.S.C.] § 1997e is at odds with traditional doctrines of administrative exhaustion, under which a litigant ... need not exhaust where doing so would otherwise be futile. Without getting into the force of this claim generally, we stress the point ... that we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." (citations and quotation marks omitted)).  [Petitioner] has not cited any case establishing that there is a futility exception to the requirement to exhaust administrative remedies under § 2241 petition.  Because [Petitioner] did not exhaust his administrative remedies, the district court did not have jurisdiction to review his § 2241 petition.

McGee v. Warden, FDC Miami, 487 F. App'x 516, 517–18 (11th Cir. 2012).  While the petitioner in the instant case has asked the warden for a furlough, at least arguably fulfilling his obligation to file a BP-9 for local consideration, he has not appealed the warden's denial to either the Regional Director of the Bureau of Prisons (appeal using a BP-10) or, after that, to the Office of General Counsel of the BOP (appeal using a BP-11).  See BOP Program Statement 1330.13 (Aug. 8, 2002).  Because there is no futility exception to this obligation to exhaust, the court has no jurisdiction to consider petitioner's § 2241 remedy and it must be dismissed.

Even if the court has jurisdiction to consider this matter, petitioner is not entitled to relief compelling the warden to grant him a furlough.  The grant of a furlough lies within the discretion of the warden, subject to the administrative rules promulgated by the BOP at 28 C.F.R. § 570.30 *et seq.*  Under its regulations, the BOP recognizes two types of furloughs: transfer furloughs and non-transfer furloughs.  28 C.F.R. § 570.32.  The petitioner is not subject to a transfer furlough because he is not transferring to a minimum or community confinement facility.  See 28 U.S.C. § 570.35.  Rather, any furlough that may be granted in this case would be pursuant to 28 U.S.C. § 570.33(h), for petitioner to "Appear in or prepare for a criminal court proceeding, but only when the use of a furlough is requested or recommended by the applicable court or prosecuting

attorney." It is true that the prosecuting attorney has recommended a furlough for petitioner to travel to Los Angeles and appear in court, but that is only a necessary but not sufficient determinant for a furlough. The decision remains in the discretion of the warden, and here the warden has rejected the recommendation and asks the court to do the same.

Because the decision rests in the warden's discretion, petitioner has no cognizable or protectable right to a furlough, and, thus, due process is not implicated in the decision. Moreover, the warden's rejection of the furlough request is not arbitrary or capricious. Plainly, granting a furlough to a prisoner to travel on his own across the country to testify and then return to custody days or weeks later is an extraordinary remedy, even when juxtaposed against his allegation of risks of harm. The Marshal charged with maintaining the safety and security of the petitioner has reported that he is aware of the threats to the petitioner and will "ensure" his safety. Petitioner has offered nothing but conjecture that the security measures contemplated by the Marshal[1] are insufficient to provide him with the reasonable degree of safety mandated by the law. If, as he contends, the Marshal houses him in a county jail facility, where his risk of harm is focused, he may seek a § 2241 remedy from the court in the Central District. Based on the record before the court today, the conjecture the petitioner offers does not warrant the extraordinary remedy of compelling the warden to grant him a furlough. Because there is no reason to believe the Marshal will fail in his duty to protect the petitioner from hostile gang members and local law enforcement officials in Los Angeles, petitioner is not entitled to *habeas corpus* relief to require the warden to grant him a furlough for this purpose.

---

[1] It is, of course, not surprising that the Marshal has not provided a detailed elaboration of the security measures he has in store. Maintaining the secrecy of these measures prevents both the petitioner and anyone seeking to harm him from knowing in advance how to defeat them.

By separate order, the petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 will be DENIED and DISMISSED.

**DONE** and **ORDERED** this November 14, 2016.

_____
**VIRGINIA EMERSON HOPKINS**
UNITED STATES DISTRICT JUDGE